# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD RUSHING, an individual, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-CV-268-JHP |
| ATLANTIC MEECO, INC., an Oklahoma Corporation, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant Atlantic Meeco, Inc.'s Motion for Summary Judgment [Doc. No. 31] and Brief in Support [Doc. No. 32], Plaintiff's Response in Opposition to Defendant's Motion [Doc. No. 62], and Defendant's Reply [Doc. No. 78]. For the reasons stated herein, this Court hereby **DENIES** the Defendant's Motion For Summary Judgment.

## BACKGROUND

Plaintiff, Richard Rushing, was employed by the Defendant, Atlantic Meeco, Inc., in June, 2007, to help build floating boat docks. [Doc. No. 32-6] In July, 2007, Rushing asked to be reassigned to the cement department, and was reassigned to that department in September, 2007. [Doc. No. 32-6] Rushing is an African American male. Rushing contends that during the time he was employed at Atlantic Meeco he was regularly addressed by his supervisors as a "nigger." [Doc. No. 65-2] He alleges his co-workers and supervisors treated him differently than other white employees, called him racial slurs, and, among other things, hung a noose in his working area. Rushing alleges that when he confronted his supervisors about the noose they stated they were going to hang him. [Doc. 65-2] The Defendant contends that the Plaintiff did not properly report the

1

allegations of discrimination as set forth in the company's handbook. The Plaintiff contends that he did speak with his supervisors because they were making the harassing comments and gestures and that his protests made no difference. [Doc. No. 65-2; 65-3] On November 13, 2008, the Plaintiff was laid off. [Doc. No. 2] The Defendant contends the Plaintiff's termination was part of a company wide cutback which was a result of general economic hardships. [Doc. No 32] The Defendant further contends that the Plaintiff had a record of showing up late for work and was reasonably terminated. [Doc. No. 32-9] The Plaintiff contends that he was fired because of his race and because he spoke up to his supervisors regarding the harassment in the office. [Doc. No. 32-6; 65-2] He contends that he received two raises during his employment at Atlantic Meeco and was a good employee.

## **PROCEDURAL HISTORY**

On July 9, 2009, the Plaintiff filed suit against Atlantic Meeco alleging improper termination due to racial discrimination and hostile work environment in violation if Title VII of the Civil Rights Act of 1964, a violation of the Plaintiff's right to make and enforce contracts on the same basis of persons of other national origins in violation of 42 U.S.C. §1981, common law negligence, and intentional infliction of emotional distress. On March 11, 2010, the Defendant filed the current Motion For Summary Judgment alleging it is entitled to judgment as a matter of law because of an affirmative defense regarding the Title VII and the §1981 claims. The Defendant does not, however, address the Plaintiff's claims of common law negligence and intentional infliction of emotional distress in its motion. Therefore, this Court in this Opinion and Order will only address the arguments made by the Defendant in its Motion and will not address the merits of the other claims not addressed by the Defendant.

## DISCUSSION

Summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.,* 858 F.2d 610, 613 (10th Cir.1988).

In this case, the Plaintiff claims he was terminated based on his race and that the Defendant created a hostile work environment. In its summary judgment motion, the Defendant does not challenge the elements of Plaintiff's prima face case establishing a hostile work environment, but rather, contends it is entitled to summary judgment based on the affirmative defense that Rushing knew of Atlantic Meeco's policy regarding "professional conduct and antiharassment" and failed to avail himself of the protections in the policy.

Rushing alleges his immediate supervisors at Atlantic Meeco were among those who harassed him creating a hostile work environment. The United State Supreme Court addressed the issue of vicarious liability of employers for an hostile work environment claim created by a supervisor in two contemporaneous decisions: *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc., v. Ellerth*, 524 U.S. 742.

In *Ellerth,* the Court held:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. **When no tangible employment action is taken**, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Civ. Proc. 8©. The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. While proof that an employer had promulgated an antiharassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense. And while proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing any unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense. **No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment**.
> *Id.* at 764. (Emphasis added)

In order for this affirmative defenses set forth in *Ellerth* and *Faragher* to be available to the Defendant, the Court, or the trier of fact, must find that the supervisors' harassment did not result in Plaintiff's termination. The Defendant contends it meets this burden because it can establish that the Plaintiff had disciplinary actions and numerous documented late arrivals to work prior to his termination. Further, the Plaintiff's termination was allegedly a result of a company wide reduction in work force.

Although the Plaintiff does not dispute that the company was experiencing a reduction in work force, he contends that the reason he was terminated rather than other less qualified workers,

4

was because of racial animus. Rushing testified that he knows of several witnesses that he believes will testify that the motivating factor for his layoff was because of his race or color. [Doc. No. 32-6] The Defendant points to disciplinary forms the Plaintiff received while working as a basis for termination, as well as time records which show Rushing was continually late for work. However, when asked about whether he had ever had problems with the time clock, Rushing testified that he continually had problems with the clock registering him as "clocked in" and that his supervisors, against whom he has claims of harassment, stated they would log him in as being in attendance. [Doc. No. 32-6] The Plaintiff also contends that on at least one of the occasions that he was reported as several hours late, he had pre-approval from one of the supervisors to be late. [Doc. No. 32-6]

Whether the Plaintiff's termination was motivated by his race is an issue to be determined by the jury. Sufficient evidence exists that would allow a reasonable jury to find that the Plaintiff was selected as part of the group to be laid off because of the racial prejudice of his supervisors. This is a material issue of fact to be left to the determination of the jury. Since the Defendant has not proven the requisite pre-condition, it is not entitled to the affirmative defenses set forth in *Ellerth* and *Faragher* regarding whether the Plaintiff availed himself of the company's internal policy at the summary judgment stage.

For the foregoing reasons, Defendant's Motion For Summary Judgment is hereby **DENIED**.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Defendant's Motion For Summary Judgment is therefore **DENIED**.

**IT IS SO ORDERED** this 16th day of April, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma